UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Barbara F.<br><br>               Plaintiff,<br><br>v.<br><br>Martin O'Malley, Commissioner of Social Security,<br><br>               Defendant. | Civil No. 3:24-CV-01080 (MPS)<br><br><br>June 25, 2024 |

**RECOMMENDED RULING DISMISSING**
**COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)**

    Plaintiff, Barbara F.[1] brings this action for review of the final determination of the Commissioner of the Social Security Administration denying benefits under Title II and Title XVI, under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). ECF No. 1.  Pending is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.  ECF No. 2.

    When a plaintiff requests leave to proceed *in forma pauperis*, or "IFP," a statute directs the court to conduct two inquiries.  First, the court examines her financial affidavit and determines whether she is truly unable to pay the fee. 28 U.S.C. § 1915(a).  Second, to ensure that the plaintiff is not abusing the privilege of filing without prepaying the fee, the court reviews her complaint and dismisses the case if it determines that "the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).  For the reasons that

---

[1] Pursuant to D. Conn. Standing Order CTAO-21-01, Plaintiff will be identified solely by first name and last initial throughout this opinion.

1

follow, the Court grants the Motion for Leave to Proceed *In Forma Pauperis* and recommends dismissal of the Complaint with leave to amend.

**I.      The First Inquiry: IFP Status**

Plaintiff has filed a motion seeking to proceed without payment of fees and costs, along with a financial affidavit. A federal law called 28 U.S.C. § 1915 permits her to do so if she submits an affidavit showing that she is "unable to pay." To assist *pro se,* or self represented, plaintiffs in making this showing, the District of Connecticut has prepared a standard "Financial Affidavit in Support of Motion for Leave to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915.

In this case, Plaintiff has not completed the form or otherwise provided the Court with an affidavit showing that she is "unable to pay." She drew handwritten lines through sections of the application requesting information on "income", "debts" and "previous litigation" and entered "0" in the section requesting that she list her obligations. ECF No. 2, at 2-6. She writes that she owes her mother and step-father an illegible sum of money.

Courts have held that such affidavits do not establish an inability to pay the filing fee because no one can possibly live on zero income and have found that such affidavits must necessarily be incomplete. In the case of *Pierre v. City of Rochester*, for example, the court denied a motion for leave to proceed in forma pauperis when the plaintiff "claim[ed] that he ha[d] no assets and receive[d] no support from a spouse or from any other source," because he "offer[ed] no explanation for how he survives day-to-day or how his monthly expenses are paid." No. 16-CV-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018). The court added that if a plaintiff has no income of his own, but is instead being supported by another person, he should list that support on his affidavit because "[i]n assessing an application to proceed <i>in forma pauperis</i>, a court may consider the resources that the applicant has or can get from those who

ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or next friend." *Id*. (quoting *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)).

Plaintiff must establish she is "unable to pay" by providing the Court the full picture of her financial situation. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff must either (a) pay the filing fee or (b) submit a revised financial affidavit clarifying the calculation of her current income, assets and obligations. If Plaintiff chooses to submit a revised financial affidavit, she must do so by July 25, 2024. In that affidavit, she must complete all sections to explain how she supports herself, and if she is supported by another person, she should explain whether that person can or cannot pay the filing fee. Plaintiff is respectfully advised that, if she neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, her case may be dismissed.

Plaintiff is therefore **ordered to submit another *in forma pauperis* application form, filling it out *completely* and *legibly*.** The form may be found on the District of Connecticut website at https://ctd.uscourts.gov/sites/default/files/forms/IFP-for-Soc-Sec-Appeal-Rev-12-15-23.pdf. **Plaintiff is ordered to submit a complete, legible, *in forma pauperis* application by July 25, 2024.** If she fails to do so, she will have neither paid the filing fee nor shown that she is excused from doing so on account of her poverty, and ***her complaint may be dismissed for that reason alone.***

## II.     The Second Inquiry: Review of the Complaint Under 28 U.S.C. § 1915(e)(2)(B)

Pursuant to § 1915(e), the district court must review *in forma pauperis* complaints and dismiss any complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The term "frivolous" in § 1915 applies to "not only the inarguable legal

3

conclusion, but also the fanciful factual allegation," and courts must dismiss a claim that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Separately, to determine whether a complaint fails to state a claim, the court assesses whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff must file any civil action seeking judicial review of a final decision of the Commissioner of Social Security *within 60 days* of receiving notice of that decision unless the time is extended. Specifically, 42 U.S.C. § 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain review of such decision by a civil action *commenced within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." (Emphasis added.) A Social Security regulation adds that the plaintiff is presumed to have received the notice within five days of the decision, "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).[2] Accordingly, the combined effect of the statute and regulation is that an action seeking judicial

---

[2] (c) Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary....

20 C.F.R. § 422.210(c).

review of a Social Security benefit determination ordinarily must be filed within sixty-five days of that determination.

The Supreme Court has held that § 405(g)'s filing deadline is "not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Because § 405(g)'s statute of limitations is a "condition on the waiver of [the United States'] sovereign immunity," it must be strictly construed. *Id.* at 479. Accordingly, courts routinely dismiss Social Security appeals even when they are filed only a few days past the filing deadline. *See, e.g.*, *McCray v. Comm'r of Soc. Sec.,* 19-cv-6226 (PRC), 2022 WL 142344, at *1 (dismissing *pro se* complaint filed thirty-one days late) *(*citing cases); *Harriett o/b/o M.P. v. Comm'r of Soc. Sec.,* No. 21-CV-2574 (RPK), 2023 WL 3057386, at *1 (E.D.N.Y. Apr. 24, 2023) (dismissing *pro se* complaint filed ninety days late); *Kimberly W. v. Saul*, No. 3:21-CV-00042 (TOF), 2021 WL 880110, at *3 (D. Conn. Mar. 9, 2021) (dismissing *pro se* complaint filed fifty-four days late); *Ortiz v. Berryhill*, No. 19CV00171 (LGS) (DF), 2020 WL 4754934, at *6 (S.D.N.Y. July 15, 2020), *report and recommendation adopted*, No. 19 CIV. 171 (LGS), 2020 WL 4750643 (S.D.N.Y. Aug. 17, 2020) (dismissing *pro se* complaint filed sixty days late).

Plaintiff's Title II-Social Security Disability Insurance (SSDI) and Title XVI-Supplemental Security Income (SSI) applications were denied by an ALJ on February 1, 2023. Compl. at 2. The Appeals Council denied review on November 20, 2023. Plaintiff filed her Complaint on June 20, 2024, which is clearly outside the sixty-five day filing deadline.

To overcome a failure to timely file, a plaintiff bears the burden of showing that equitable tolling is warranted. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). A late-filing plaintiff seeking equitable tolling must prove two things: (1) plaintiff "has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way." *Torres v. Barnhart*, 417

F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

While statute of limitations defenses are ordinarily raised by defendant after it appears, courts can and do dismiss cases on their own initiative under Section 1915(e)(2) when an IFP complaint reveals that his claim is clearly untimely. "[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under [Section 1915(e)(2)], may be based on a defense that appears on the face of the complaint." *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995). In particular, "[d]ismissal is . . . appropriate where the existence of . . . [a] statute of limitations [defense] . . . is plain from the plaintiff's pleading." *Pratts v. Coombe,* 59 F. App'x 392, 393 (2d Cir. 2003) (summary order); *accord Syfert v. City of Rome*, No. 6-19-CV-0775 (GTS/ML), 2020 WL 4506689, at *4 (N.D.N.Y. Apr. 15, 2020), *report and recommendation adopted*, No. 6:19-CV-0775 (GTS/ML), 2020 WL 4500893 (N.D.N.Y. Aug. 05, 2020) ("Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review.") (citing *Pino*, 49 F.3d at 53-54).

If Plaintiff believes that she can somehow cure the issues with her complaint – by, for example, pleading facts that would excuse the late filing – she may try to do so by filing an amended complaint on the docket.

### III.   CONCLUSION

Accordingly, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is DENIED without prejudice to refiling, (ECF No. 2), and the Court recommends dismissal of the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

As set forth above, Court recommends that the Complaint be DISMISSED with leave to amend within thirty (30) days.  If Plaintiff timely amends her complaint, the court will review that amended complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine, among other things, whether it supports excusing her failure to file within the sixty-five day period.  If Plaintiff does not timely amend her complaint, or file a timely objection, this dismissal may convert to a with-prejudice dismissal, and the court will direct the clerk to close the case.

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C).  **If Plaintiff wishes to object to my recommendation, he must file that objection with the Clerk of the Court within nineteen days (by July 25, 2024).**  *See* Fed. R. Civ. P. 72(b)(2) (allowing fourteen day period for objecting to Magistrate Judge recommended rulings); D. Conn. L. Civ. R. 72.2(a) (allowing five additional days for parties who, like Plaintiff, receive notice of an order or recommended ruling by mail).  If she does not do so, she may not thereafter assign as error any claimed defect in this recommended ruling.  D. Conn. L. Civ. R. 72.2(a). Failure to file a timely objection will also preclude appellate review.  *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *accord Impala v. U.S. Dept. of Justice,* 670 F. App'x 32 (2d Cir. 2016) (summary order).

          */s/ Maria E. Garcia, USMJ*
          Hon. Maria E. Garcia
          United States Magistrate Judge